THE STATE OF OHIO, APPELLEE, *v.* GREGORY, APPELLANT.

(No. C-820019—Decided December 22, 1982.)

Mr. Simon L. Leis, Jr., prosecuting attorney, *Mr. Christian J. Schaefer* and *Mr. William P. Whalen, Jr.,* for appellee.
*Mr. Timothy A. Smith,* for appellant.

BLACK, J. Appellant, Ernest Gregory, was convicted by a jury of two counts of

forcible rape of his ten year old daughter, Vergie, and sentenced to two consecutive life terms under R.C. 2907.02(B). His appellate counsel presented four assignments of error: (1) the verdicts were against the manifest weight of the evidence by reason of the absence of any proof of the use of force or threat of force; (2) and (3) the court excluded relevant evidence in two instances; and (4) the court committed plain error by allowing the prosecutor to comment on the appellant's custodial silence. In addition, appellant filed a *pro se* brief with fourteen assignments of error, many of which are cumulative. We find no reversible error in any of the assignments of error. * * *■

Appellant's tenth *pro se* assignment of error poses the following difficult question that is of first impression in the state of Ohio: whether he is entitled to an aggregate minimum term of fifteen years under R.C. 2929.41(E), which reads in pertinent part:

"Consecutive terms of imprisonment imposed shall not exceed:

"(1) An aggregate minimum term of twenty years, when the consecutive terms imposed include a term of imprisonment for murder and do not include a term of imprisonment for aggravated murder;

"(2) An aggregate minimum term of fifteen years, when the consecutive terms imposed are for felonies other than aggravated murder or murder. * * *''

We have held that when consecutive sentences are imposed for aggravated murder, murder, attempted manslaughter, and aggravated arson, the limitation of twenty years in R.C. 2929.41(E)(1) does not apply because one of the sentences being a life term for aggravated murder, there is no minimum term but a flat term of life. *State* v. *Hayes* (Sept. 23, 1981), Hamilton App. No. C-800805, unreported. We have also held

that where a defendant is given consecutive sentences for two second degree felonies (felonious assaults) and one first degree felony (rape, not of a person less than thirteen years), the fifteen-year limitation of R.C. 2929.41(E)(2) does apply. *State* v. *Wilson* (1978), 57 Ohio App. 2d 11 [11 O.O.3d 8].

In the instant case, however, the two convictions were for rape under R.C. 2907.02(A)(3): that is, rape of a person less than thirteen years of age, irrespective of the defendant's knowledge about the age of the victim. The penalty subdivision of R.C. 2907.02 reads in full:

"(B) Whoever violates this section is guilty of rape, a felony of the first degree. If the offender under division (A)(3) of this section purposely compels the victim to submit by force or threat of force, whoever violates division (A)(3) of this section *shall be imprisoned for life.*" (Emphasis added.)

We are aware that R.C. 2929.41(E) does not specifically exclude rape from its operation, as it does aggravated murder, and that the rule of construction in R.C. 2901.04(A) is that laws defining offenses and penalties shall be strictly construed against the state and liberally construed in favor of the accused. We are also aware that no person can, in fact, serve two successive life terms.

We believe, however, that the arguments favoring affirmance of the consecutive life sentences in this case are more persuasive. As between the specific provision in R.C. 2907.02(B) that imposes a life term for forcible rape of a child under thirteen years and the general provision in R.C. 2929.41(E) that limits minimum terms when successive sentences are imposed, we believe the specific provision prevails. R.C. 1.51. Further, the penalty for forcible rape of a person under thirteen years has no minimum term; it is a full life term. Also, we believe that the legislative intent is manifest in the language of R.C. 2907.02(B): a person

who forcibly rapes a child under thirteen years must serve a life term in prison without any minimum term. Such a rape is a special case. The offense is shocking, outrageous, abominable, and it has enduring effects on the child. A penalty equivalent to its enormity is imposed. Finally, logic says that if a man must serve a full life term for a single forcible rape of a child, then the legislature could not have meant that when he commits two such rapes, he is entitled to a fifteen-year minimum term. We hold that the consecutive life sentences are within the statutory authority granted by the legislature. The tenth *pro se* assignment of error is without merit.

We affirm the judgment below.

*Judgment affirmed.*

SHANNON, P.J., and KEEFE, J., concur.