The STATE of Ohio, Appellee,

v.

VAUGHN, Appellant.

[Cite as *State v. Vaughn* (1995), 106 Ohio App.3d 775.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA95–01–011.

Decided Oct. 16, 1995.

*John F. Holcomb,* Butler County Prosecuting Attorney, and *Patrick G. Moeller,* Assistant Prosecuting Attorney, for appellee.

*Lyn Alan Cunningham,* for appellant.

---

POWELL, Judge.

On September 8, 1994, defendant-appellant, James C. Vaughn, was indicted by the Butler County Grand Jury on two counts of rape of a person under thirteen years of age by force or threat of force and two counts of gross sexual imposition in violation of R.C. 2907.02(A)(1)(b) and 2907.05(A)(4).[1] Appellant entered not guilty pleas to all four charges and the case was tried to a jury in the Butler County Court of Common Pleas on November 15, 1994.

---

1. The original indictment also charged appellant with two counts of child endangering in violation of R.C. 2919.22(B)(2). However, these charges were later dismissed by the state.

At trial, the state presented testimony from several witnesses. The victim testified[2] that appellant is his mother's former boyfriend and that he lived with appellant and other members of appellant's family in an apartment in Fairfield, Ohio after his mother abandoned him. The victim testified that he and appellant shared a bed in the basement of the home and that appellant anally raped him on one occasion. The victim also testified that appellant touched his genitals.

Dr. Ralph Hicks, a pediatrician who specializes in child sexual abuse cases, testified that he examined the victim in March 1994. Hicks testified that he found some "thickening and irregularity" of the "anal folds" surrounding the victim's rectum. Hicks also testified that this condition is consistent with a history of sexual abuse.

Dr. Sherry Baker, a psychologist who specializes in child sexual abuse cases, testified that she examined the victim on April 13, 1994. Baker testified that the victim used anatomically detailed dolls and a number of drawings which graphically depict fellatio and anal intercourse to describe a pattern of sexual abuse by appellant. Baker testified that the victim told her that appellant "touched my pee-pee with his hand and his mouth and put my pee-pee in his behind." Baker also testified that the victim told her that appellant "made me touch his pee-pee with my hand and mouth" and "put his pee-pee in my behind."

Appellant was convicted of two counts of rape of a person under the age of thirteen by force or threat of force and two counts of gross sexual imposition. The trial court sentenced appellant to two consecutive terms of life imprisonment for rape. The trial court also sentenced appellant to a definite two-year term of imprisonment on each count of gross sexual imposition. Appellant now appeals setting forth the following assignments of error in a brief filed by appellate counsel:

"Assignment of Error No. 1:

"The trial court erred to the prejudice of appellant in allowing a psychological expert to testify to out-of-court statements made to her by the child victim.

"Assignment of Error No. 2:

"The verdict finding defendant guilty of the forcible rape of a minor was against the manifest weight of the evidence.

"Assignment of Error No. 3:

"The trial court erred to sentence [sic] appellant to two life sentences without assigning a minimum term of imprisonment.

"Assignment of Error No. 4:

---

2. The victim testified at trial by videotaped deposition pursuant to R.C. 2907.41.

"The trial court erred to the prejudice of appellant to allow [*sic*] the state's psychological expert to testify as to whether the child had been sexually abused."

■ In his first assignment of error, appellant contends that the trial court erred in permitting the state's witness, Dr. Sherry Baker, to testify concerning the substance of several out-of-court statements made by the victim. All of these statements describe the sexual abuse perpetrated by appellant in graphic detail and were made by the victim during the psychological examination Baker conducted on April 13, 1994. Appellant argues that the trial court erred in admitting these statements under Evid.R. 803(4) as statements made for purposes of medical diagnosis or treatment.

Evid.R. 803 provides in part that:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

" * * *

"*(4) Statements for purposes of medical diagnosis or treatment.* Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."

In *State v. Short* (July 6, 1992), Butler App. No. CA91–04–066, unreported, 1992 WL 158413, this court considered whether statements made to a psychologist by a child declarant may be admitted under Evid.R. 803(4) in a child sexual abuse case. The defendant in *Short* was charged with four counts of child endangering in violation of R.C. 2919.22. At trial, the prosecution presented testimony from a psychologist who stated that the victim told her that the defendant had perpetrated the abuse. The defendant was convicted of all four offenses and appealed arguing that the victim's statements to the psychologist had been improperly admitted under Evid.R. 803(4).

On appeal, we held that "Evid.R. 803(4) does not limit statements for purposes of medical treatment or diagnosis to physical ailments or conditions." *Id.* at 5. Our decision held that statements made during the course of a psychological examination are admissible to the same extent as statements made to a treating physician, provided that the purpose of the psychological examination is the diagnosis and treatment of the victim's psychological condition, rather than gathering evidence against the accused. *Id.* at 5–7. See, also, *State v. McWhite* (1991), 73 Ohio App.3d 323, 331, 597 N.E.2d 168, 173.

Applying the rule set forth in *Short,* we must now determine whether there is sufficient evidence to support the trial court's finding that the purpose of the

psychological examination conducted by Baker was the diagnosis and treatment of the victim's psychological condition. The record indicates that Baker testified at trial as follows:

"*Q.* Okay. Can you tell me specifically when you saw [the victim]?

"*A.* I saw [the victim] on April thirteenth (13th), 1994.

"*Q.* And who referred [the victim] to you please?

"*A.* Butler County Children Services Board.

"*Q.* And what was the stated purpose of this referral please?

" * * * *

"*A.* The purpose of diagnosis and treatment related to some behavioral problems [the victim] was having and some experiences he was reporting.

" * * * *

"*Q.* And this interview with [the victim] was what kind of interview please?

"*A.* It was a, what we call a psychological assessment.

"*Q.* Would you please define that?

"*A.* Okay. I was—He came to me because he had, he was exhibiting certain behavioral problems, certain signs of emotional distress, and he was reporting traumatic experiences that appeared to be connected to his behavioral and emotional problems.

"*Q.* And the purpose of this assessment with [the victim] was what please?

"*A.* To determine if there had been such a traumatic event, an event, that would explain his emotional and behavioral problems. And if not, than what were they likely due to?

"*Q.* Okay. With the end result of this evaluation or assessment being what please?

"*A.* To make recommendations for the next step, for what to, what to, how to understand the child's behavior and what to do about it.

"*Q.* With the ultimate goal of being?

"*A.* That the child would not have these problems."

Having carefully reviewed this testimony, we are satisfied that the purpose of Baker's examination was the diagnosis and treatment of the victim's psychological condition and that the victim's statements to Baker were made in furtherance of this purpose. Accordingly, we find no abuse of discretion by the trial court in admitting the victim's statements to Baker under Evid.R. 803(4).

■ Appellant also argues that the trial court erred in admitting the statements the victim made to Baker because the victim was not competent to testify at the time of the psychological examination. Evid.R. 601 governs the competency of witnesses and provides in part that:

"Every person is competent to be a witness except:

"(A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."

A child ten years of age or older and of sound mind is conclusively presumed to be competent to testify, regardless of whether he or she was competent to testify at the time of the incident in question. *State v. Clark* (1994), 71 Ohio St.3d 466, 471, 644 N.E.2d 331, 335–336; *State v. Wallace* (1988), 37 Ohio St.3d 87, 94, 524 N.E.2d 466, 472–473. The record indicates that the victim was ten years of age at the time he was examined by Baker on April 13, 1994. Therefore, we find that the victim was competent to testify at the time the hearsay statements to Baker were made. Appellant's first assignment of error is hereby overruled.

■ In his second assignment of error, appellant contends that his convictions for forcibly raping a child under the age of thirteen are contrary to the manifest weight of the evidence. An appellate court's function in reviewing both the sufficiency and the weight of the evidence supporting a criminal conviction is to examine all of the evidence offered by the parties in the light most favorable to the prosecution and to then determine "whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks* (1992), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503. Where the evidence is such that "any reasonable trier of fact could have found that all of the elements of the offenses charged were proven beyond a reasonable doubt," a jury's verdict must not be disturbed on appeal. *Id.*

Appellant argues that the state failed to present sufficient evidence that he raped the victim by force or threat of force. In *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, the Ohio Supreme Court considered the degree of force necessary to commit a forcible rape in violation of R.C. 2907.02(A)(1)(b). The court held that:

"The force and violence necessary to commit the crime of rape depends upon the age, size and strength of the parties and their relation to each other. With the filial obligation of obedience to a parent, the same degree of force and violence may not be required upon a person of tender years, as would be required were the parties more nearly equal in age, size and strength." *Id.* at paragraph one of the syllabus.

The court reasoned that "[t]he youth and vulnerability of children, coupled with the power inherent in a parent's position of authority, creates a unique situation of dominance and control in which explicit threats and displays of force are not necessary to effect the abuser's purpose." *Id.* at 59, 526 N.E.2d at 307.

The record indicates that the victim was approximately nine years of age when the rapes occurred and that the victim was living with appellant in a surrogate father-son relationship because his mother had abandoned him. The record also indicates that Dr. Baker testified at trial that the victim told her that appellant committed the anal rape by "jamming" his penis into the victim's rectum and that appellant "made" him perform fellatio. After reviewing Baker's testimony in light of the victim's tender years and appellant's position of power and authority as the victim's surrogate father, we find that the state presented substantial, credible evidence which would allow the jury to conclude that appellant committed these abominable rapes by force or threat of force. Therefore, we find that appellant's convictions for forcible rape are not contrary to the manifest weight of the evidence. Appellant's second assignment of error is overruled.

In his third assignment of error, appellant contends that the trial court erred in failing to impose a minimum term of imprisonment. R.C. 2907.02(B) governs sentencing where the defendant has been convicted of raping a child under thirteen years of age by force or threat of force and provides as follows:

"Whoever violates this section is guilty of rape, an aggravated felony of the first degree. If the offender under division (A)(1)(b) of this section purposely compels the victim to submit by force or threat of force, whoever violates division (A)(1)(b) of this section shall be imprisoned for life."

R.C. 2907.02(B) requires a trial court to impose a life sentence where the defendant has been convicted of raping a child under the age of thirteen by force or threat of force. See *State v. Gladding* (1990), 66 Ohio App.3d 502, 512–513, 585 N.E.2d 838, 844–845. Appellant nevertheless argues that the trial court erred in failing to impose a minimum term of imprisonment pursuant to R.C. 2929.11. We disagree.

The specific language of R.C. 2907.02(B) which provides that an offender "shall be imprisoned for life" prevails over more general sentencing statutes which provide that a trial court must specify a minimum term of imprisonment where it imposes an indefinite sentence upon a defendant who has been convicted of a first degree felony. See *State v. Gregory* (1982), 8 Ohio App.3d 184, 185, 8 OBR 245, 245–246, 456 N.E.2d 839, 840–841. "The penalty for forcible rape of a person under thirteen years has no minimum term; it is a full life term." *State v. Tull* (Feb. 22, 1984), Hamilton App. No. C–830355, unreported, 1984 WL 6758. The legislative intent of R.C. 2907.02(B) is clear: "[A] person who forcibly rapes a

child under thirteen years must serve a life term in prison without any minimum term. Such a rape is a special case. The offense is shocking, outrageous, abominable, and it has enduring effects on the child. A penalty equivalent to its enormity is imposed." *Gregory, supra,* 8 Ohio App.3d at 185–186, 8 OBR at 246, 456 N.E.2d at 841. Accordingly, the trial court properly sentenced appellant to two consecutive terms of life imprisonment without specifying a minimum term of imprisonment. Appellant's third assignment of error is overruled.

In his fourth assignment of error, appellant contends that the trial court erred in permitting Dr. Baker to give her opinion of the veracity or credibility of the victim's testimony. An expert witness in a child sexual abuse case may not offer an opinion as to the veracity or credibility of the child-victim's testimony. *State v. Boston* (1989), 46 Ohio St.3d 108, 129, 545 N.E.2d 1220, 1240–1241. However, an expert witness may testify that the child has exhibited behavior consistent with a history of prior sexual abuse and that, in his opinion, the child is in fact a victim of sexual abuse. *Id.* at 129, 545 N.E.2d at 1240–1241; *In re Dooley* (May 31, 1994), Butler App. No. CA93–09–178, unreported, 1994 WL 233155.

Baker testified at trial that she examined the victim in April 1994 and that the victim exhibited several signs of sexual abuse including an "explicit knowledge of sexual acts" and an "appropriate" use of slang terms. Baker also testified that, in her opinion, the victim had been "sexually molested." At no time during the proceedings did Baker comment directly or indirectly on the veracity of the victim's testimony or his credibility as a witness. Consequently, the trial court did not err in admitting Baker's testimony. Appellant's fourth assignment of error is overruled.

Appellant has also filed a separate *pro se* brief setting forth thirteen [3] additional "errors" which are in reality vague propositions of law. For purposes of this appeal, we will consider these propositions of law as assignments of error five through seventeen.

In his fifth assignment of error, appellant contends that the September 8, 1994 indictment charging him with two counts of rape and two counts of gross sexual imposition is facially invalid. An assignment of error must designate a specific ruling by the trial court or a procedural event in the proceedings below which the appellant challenges on appeal. *N. Coast Cookies, Inc. v. Sweet Temptations, Inc.* (1984), 16 Ohio App.3d 342, 343, 16 OBR 391, 392–393, 476

---

**3.** Appellant also asserts one additional "error," claiming that his rights under the Fourteenth Amendment to the United States Constitution were violated. Appellant then immediately concedes that this "error" has no merit and "does not apply." Accordingly, we decline to review this assignment of error.

N.E.2d 388, 390–391. Appellant's *pro se* brief does not specify any defect in the indictment which would render it invalid under Crim.R. 7. We have conducted an independent review of the indictment and find it valid and legally sufficient in all respects. Accordingly, appellant's fifth assignment of error is overruled.

In his sixth assignment of error, appellant contends that his right to a fair trial was prejudiced when the trial court responded to his request for a copy of the September 8, 1994 indictment by furnishing him with a copy of the state's bill of particulars. We are not persuaded. The record indicates that appellant was served with the indictment charging him with rape and gross sexual imposition on September 15, 1994 in accordance with the procedure specified by Crim.R. 9. There is no evidence that appellant's right to a fair trial was adversely affected by the trial court's failure to provide appellant with a second copy of the indictment. Consequently, appellant's sixth assignment of error is overruled.

In his seventh assignment of error, appellant again contends that the trial court erred in sentencing him to two consecutive terms of life imprisonment. As we have already noted in addressing appellant's third assignment of error, the language of R.C. 2907.02(B) specifically requires a trial court to impose a sentence of life imprisonment where the defendant has been convicted of raping a child under the age of thirteen by force or threat of force. See *Gregory, supra*, 8 Ohio App.3d at 186, 8 OBR at 246–247, 456 N.E.2d at 841. Appellant's seventh assignment of error is therefore without merit and is hereby overruled.

In his eighth assignment of error, appellant argues that the trial court erred in correcting the case number on the second page of its November 22, 1994 judgment entry of conviction. Crim.R. 36 addresses the authority of a trial court to correct clerical errors and provides that "[clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." The record indicates that the trial court corrected the case number on the second page of the November 22, 1994 judgment of conviction in accordance with the procedure specified by Crim.R. 36. Therefore, appellant's eighth assignment of error is overruled.

In his ninth assignment of error, appellant contends that his right to a speedy trial was violated. A criminal defendant may waive his right to be tried within the two-hundred-seventy-day period prescribed by R.C. 2945.71. See *State v. King* (1994), 70 Ohio St.3d 158, 160, 637 N.E.2d 903, 904–905. Our review of the record indicates that appellant waived his right to a speedy trial through counsel by entry dated October 11, 1994.

Appellant argues, however, that the speedy-trial waiver signed by his counsel was invalid because he did not consent. Again, we must disagree. "A

defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation and the defendant is bound by the waiver even though the waiver is executed without his consent." *State v. McBreen* (1978), 54 Ohio St.2d 315, 320, 8 O.O.3d 302, 304–305, 376 N.E.2d 593, 596. Accordingly, we find that the speedy-trial waiver signed by defense counsel is valid even if appellant did not consent. Appellant's ninth assignment of error is overruled.

In his tenth assignment of error, appellant contends that his sentence is invalid because he was not conveyed into the custody of the Ohio Department of Rehabilitation and Correction until eight days after his sentence was imposed. R.C. 2949.12 governs the period within which a defendant who has been convicted of a felony must be conveyed to prison and provides in part as follows:

"Unless the execution of sentence is suspended, a convicted felon who is sentenced to serve a term of imprisonment in a state penal institution shall be conveyed, within five days after sentencing, excluding Saturdays, Sundays, and legal holidays, by the sheriff of the county in which the conviction was had to the facility that is designated by the department of rehabilitation and correction for the reception of convicted felons."

The requirements of R.C. 2949.12 are merely directory in nature and may not be used to invalidate a defendant's sentence or prevent its enforcement. See *In re Silverman* (1942), 69 Ohio App. 128, 133, 23 O.O. 555, 557–558, 42 N.E.2d 87, 89. Therefore, appellant's tenth assignment of error is without merit and is hereby overruled.

In his eleventh, twelfth, thirteenth, fifteenth, and sixteenth assignments of error, appellant contends that the state knowingly used perjured testimony and false evidence to obtain his convictions. A defendant is entitled to a new trial where the prosecution knowingly uses perjured testimony or false evidence to obtain a conviction. *Napue v. Illinois* (1959), 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217, 1220–1221. The defendant bears the burden of showing that the testimony or evidence offered by the state was in fact false. *State v. Callihan* (Feb. 28, 1995), Scioto App. No. 94–CA–2249, unreported, 1995 WL 93377. There is nothing in the record to suggest that any of the testimony or other evidence offered by the state at trial was false. Consequently, appellant's eleventh, twelfth, thirteenth, fifteenth, and sixteenth assignments of error are overruled.

In his fourteenth assignment of error, appellant contends that his convictions must be reversed because the victim was not examined by a physician within twenty-four hours of the time the rapes occurred. Appellant claims that R.C. 2907.29 creates a strict requirement that the victim of a sexual assault be

examined by a physician within twenty-four hours of the time the offense was committed. The portion of R.C. 2907.29 which appellant claims is relevant to this case provides as follows:

"Every hospital of this state which offers organized emergency services shall provide that a physician is available on call twenty-four hours each day for the examination of persons reported to any law enforcement agency to be victims of sexual offenses cognizable as violations of sections 2907.02 to 2907.06 or section 2907.12 of the Revised Code. * * *"

This statute does not require that a rape victim be examined by a physician within twenty-four hours of the time the rape was committed and has no other apparent application to this case. Appellant's fourteenth assignment of error is thus without merit and is hereby overruled.

In his seventeenth assignment of error, appellant contends that the Fairfield Municipal Court erred in setting bail in the amount of $250,000 cash or surety. A trial court has broad discretion to set bail in an amount necessary to ensure that the accused will appear at all subsequent stages of the proceedings. *Bland v. Holden* (1970), 21 Ohio St.2d 238, 239, 50 O.O.2d 477, 477, 257 N.E.2d 397, 398. The relevant factors a trial court must consider in setting bail include the nature and circumstances of the offenses charged, the accused's prior criminal history, and the accused's record of appearance at court proceedings or of flight to avoid prosecution. See Crim.R. 46(F); *In re Gentry* (1982), 7 Ohio App.3d 143, 145, 7 OBR 187, 188–189, 454 N.E.2d 987, 989–990.

The record indicates that appellant was charged with two counts of forcible rape and two counts of gross sexual imposition, all of which were perpetrated against a child under thirteen years of age. The record also indicates that appellant was previously convicted of sexual battery in 1987 and that appellant has a history of flight to avoid prosecution. Given these circumstances, we find no abuse of discretion by the municipal court in setting bail at $250,000 cash or surety. Appellant's seventeenth assignment of error is overruled. The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

WALSH, P.J., and KOEHLER, J., concur.