OPINION
Defendant-appellant, James C. Vaughn, appeals the denial of his petition for postconviction relief. For the reasons that follow, we affirm.
In 1994, appellant was convicted of two counts of rape and two counts of gross sexual imposition following a jury trial in Butler County Common Pleas Court. Appellant's convictions were affirmed on direct appeal. State v. Vaughn (1995), 106 Ohio App.3d 775, leave to appeal denied (1996), 76 Ohio St.3d 1494.
On September 10, 1996, appellant filed his petition, utilizing a pre-printed specimen form with blank areas to insert information that would specifically tailor the form to each individual case. In the section where he was to insert his particular claims of constitutional violations, appellant simply left the form blank. Appellant also failed to attach any supporting documentary evidence to the petition.
The state filed an answer and motion to dismiss. On October 21, 1996, the trial court dismissed the petition without conducting a hearing, finding that the petition "fails to articulate any violation of [appellant's] constitutional rights" and "fails to allege any operative facts to support his claim." This appeal followed.
In his brief, appellant does not present any specific assignments of error relative to the trial court's denial of his petition for postconviction relief. Appellant devotes much of his brief to arguing several mistakes which allegedly occurred during the course of his trial. Nevertheless, we will treat appellant's brief as claiming the trial court erred in denying his petition since that is the only basis upon which this appeal could proceed. See R.C. 2953.23(B).
A petition for postconviction relief filed pursuant to R.C.2953.21(A)(1) must "stat[e] the grounds for relief relied upon" and should contain "a supporting affidavit and other documentary evidence in support of the claim for relief." Appellant's petition contained neither. A petition may be dismissed without a hearing where it does not allege some constitutional deprivation. See State v. Combs (1994), 100 Ohio App.3d 90, at 97. See, also, State v. Lawson (1995), 103 Ohio App.3d 307, 311 (before granting a hearing, the trial judge must determine from the petition whether there are substantive grounds for relief).
In the case at bar, the petition does not advance any constitutional claims or otherwise specify how appellant's constitutional rights were infringed. Under such circumstances, we conclude that the trial court was correct in dismissing the petition without a hearing.
This court also has before it twenty pending motions which appellant filed on January 17, 1997. These separate motions are styled in the following manner:
 — Motion to Complaint, Case Dimsiss — Motion, No Physical Evidence, Case Dismiss — Motion to Give Notice — Motion to Give Notice, Case Dismiss New Trial — Motion to Dismiss Victim, Dismiss Case — Motion to Dismiss Case — Motion to Complaint — Motion to Dimsiss Case — Motion to Complaint — Motion to Dismiss Case — Motion to Dismiss State Witness, Det. Kinkade, Dismiss Case, New Trial — Motion to Dismiss Case — Motion to Dismiss State Witness, P.O.K. Rednow's, Dismiss Case, New Trial — Motion to Dismiss Case, Victim Prejury [sic] — Motion to Dismiss State Witness, Det. Ebbing, Dismiss Case, New Trial — Motion to Dismiss Case Per Right to Confrontation — Motion to Give Information — Motion to Dismiss State Expert Witness Dr. Baker, New Trial Case Dismiss — Motion to Information of Defendant Exhibits A, B, C, K — Motion to Dismiss State Witness, Det. Kinkade, Dismiss Case, New Trial
These motions are nothing more than arguments directed to matters that either were or should have been raised on direct appeal. We find no merit to any of these arguments and each of these motions is hereby denied.
Having found no error, the judgment of the trial court is affirmed.
YOUNG, P.J., and WALSH, J., concur.