OPINION
G. Bert McCleskey appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment in favor of the Ohio Adult Parole Authority ("OAPA") on McCleskey's complaint for declaratory judgment.
In 1993, McCleskey was convicted of seventeen counts of sexual offenses against persons under the age of thirteen, including felonious sexual penetration, rape, gross sexual imposition, and corruption of a minor. He was convicted by a jury on all seventeen counts. The trial court sentenced McCleskey to six consecutive life terms, six terms of two years each to be served consecutive to the life terms, and one term of ten to twenty-five years to be served consecutive to the other sentences imposed. McCleskey is currently serving his sentence on these crimes at the Warren Correctional Institution in Lebanon, Ohio.
On February 28, 2001, McCleskey filed a complaint for declaratory judgment against the OAPA seeking a declaration that he should be considered for parole after serving ten or fifteen years of his sentence pursuant to the former versions of R.C. 2929.41(E) and 2967.13(F). The OAPA filed a motion for summary judgment on May 10, 2001, arguing that neither section applied to this case. On May 24, 2001, McCleskey filed a memorandum opposing summary judgment and requested that summary judgment be granted in his favor. The magistrate granted summary judgment in favor of the OAPA on August 10, 2001, and the trial court adopted the magistrate's decision on August 31, 2001.
McCleskey raises one assignment of error on appeal.
 THE TRIAL COURT ERRONEOUSLY OVERRULED THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTED SUMMARY JUDGMENT TO THE DEFENDANT.
McCleskey makes two arguments under this assignment of error. First, he argues that he is entitled to be considered for parole after serving fifteen years under the former version of R.C. 2929.41(E). In the alternative, he argues that he should be eligible for parole after serving ten years of his sentence under the former version of R.C.2967.13(F). We will address both of these arguments in turn.
Initially, we note that our review of the trial court's decision to grant summary judgment is de novo. See Helton v. Scioto Cty. Bd. ofCommrs. (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. SeeState ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181,183, 1997-Ohio-221, 677 N.E.2d 343; Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 65-66, 375 N.E.2d 46.
The applicable version of R.C. 2929.41(E) provided: "Consecutive terms of imprisonment imposed shall not exceed: * * * An aggregate minimum of fifteen years * * * when the consecutive terms imposed are for felonies other than aggravated murder or murder." McCleskey argues that this section requires that he become eligible for parole after having served fifteen years of his sentence.
Several courts have considered this argument. In State v. Gregory
(1982), 8 Ohio App.3d 184, 185, 456 N.E.2d 839, the defendant was convicted of two counts of forcible rape of a person under thirteen and sentenced to two consecutive life terms. On appeal, he argued that he was entitled to an aggregate minimum of fifteen years under R.C.2929.41(E). See id. In rejecting this argument, the First District Court of Appeals held that the specific provision in R.C. 2907.02(B), which provided for the imposition of a life sentence for forcible rape of a child under thirteen, prevailed over the general provision of R.C.2929.41(E). See id., citing R.C. 1.51. The court further noted that there was no minimum term for forcible rape of a person under thirteen because the sentence was a full life term and that "the legislative intent is manifest in the language of R.C. 2907.02(B): a person who forcibly rapes a child under thirteen years must serve a life term in prison without any minimum term." Id. at 185-86.
This reasoning was following by the Twelfth District Court of Appeals in State v. Vaughn (1995), 106 Ohio App.3d 775, 783-84, 667 N.E.2d 82, and the Tenth District Court of Appeals in McMeans v. Ohio Adult ParoleAuthority (Oct. 27, 1998), Franklin App. No. 98AP-42. We also agree with this reasoning. McCleskey was sentenced to six consecutive life terms pursuant to R.C. 2907.02(B). This specific language is to be construed as an exception to the general language of R.C. 2929.41(E). See R.C. 1.51. Therefore, McCleskey is not entitled to aggregate minimum terms of fifteen years and is not entitled under R.C. 2929.41(E) to be eligible for parole after serving fifteen years of his sentence.
McCleskey's second argument involves R.C. 2967.13(F), the applicable version of which provided:
 A prisoner serving a sentence of imprisonment for life for an offense other than the offense of first degree murder or aggravated murder, which sentence was imposed prior to October 19, 1981, serving a term of imprisonment for life for rape or felonious sexual penetration or for the offense described in section 2927.03 of the Revised Code, or serving a minimum term or terms, whether consecutive or otherwise, of imprisonment longer than fifteen years, imposed under any former law of this state, becomes eligible for parole after serving a term of ten full years' imprisonment.
McCleskey argues that this statute requires that he become eligible for parole after ten years.
In response to McCleskey's argument, the OAPA contends that the statute only applies to sentences imposed prior to October 19, 1981. In its decision, the magistrate rejected this argument, reasoning that the date October 19, 1981 refers to sentences for murder or aggravated murder. We find this to be a correct interpretation of the statute. It is clear that the phrase "which sentence was imposed prior to October 19, 1981" does not limit the language referring to a life term for rape or felonious sexual penetration. However, the statute still does not require that McCleskey become eligible for parole after serving ten years of his sentence.
As noted by the magistrate, this issue was addressed by the Tenth District Court of Appeals in McMeans, supra. That court considered an analogous situation in which the defendant was serving three consecutive life sentences for forcible rape of a person under thirteen. See id. The McMeans court stated that R.C. 2967.13(F) "provides eligibility for parole after ten full years of imprisonment when serving a term of imprisonment of life for rape. Appellant is not serving a term, in the singular, but multiple consecutive and concurrent terms." Id. The court noted that R.C. 2967.25 governed in determining eligibility for parole when a defendant is serving consecutive sentences: "A person serving several indeterminate sentences consecutively becomes eligible for parole upon the expiration of the aggregate of the minimum terms of his several sentences * * *." Id., citing R.C. 2967.25. The court went on to reason that the ten year minimum under R.C. 2967.13(F) would be aggregated, giving the defendant a ten year minimum for each of his consecutive life sentences. See id. We agree with this reasoning. Thus, McCleskey will have to serve ten years on each of his six consecutive life sentences, or sixty years, in addition to the minimum requirements on his other sentences, before he will be eligible for parole consideration.
The sole assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and GRADY, J., concur.