OPINION
On July 10, 1996, defendant-appellant, Kenneth Cantwell, was indicted on two counts of rape in violation of R.C. 2907.02(A) (1)(b).[1] The indictment alleged that appellant had engaged in cunnilingus and fellatio with his five-year-old stepdaughter, Angela G., during 1985 or 1986. Appellant entered not guilty pleas to both charges and the case was tried to a jury in the Clermont County Court of Common Pleas in January 1997.
The victim, seventeen-year-old Angela G., testified that appellant began living in her home in the spring of 1985 when she was five years old. Angela G. testified that appellant frequently cared for her and her sister at night while her mother worked as a cocktail waitress. Angela G. testified that on at least five occasions during 1985 or 1986 appellant removed her from her bed and brought her to a recliner in the basement area of her home where he performed cunnilingus on her and forced her to perform fellatio. Angela G. also stated that she did not report these instances of sexual misconduct by appellant until 1996 because she feared for her safety.
Appellant was convicted of two counts of rape in violation of R.C. 2907.02(A)(1)(b). The trial court sentenced appellant to two consecutive six to twenty-five year terms of imprisonment. Appellant now appeals setting forth the following assignments of error:
Assignment of Error No. 1:
 THE APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE COUNSEL BECAUSE HIS DEFENSE COUNSEL FAILED TO ADEQUATELY INVESTIGATE THE FACTS AND DID NOT PRESENT ADEQUATE TESTIMONY ON HIS BEHALF.
Assignment of Error No. 2:
 DEFENSE COUNSEL'S FAILURE TO EFFECTIVELY CROSS-EXAMINE THE STATE'S WITNESS REINFORCED THE STATE'S CASE AND SERVED TO DENY MR. CANTWELL HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
Assignment of Error No. 3:
 DEFENSE COUNSEL INCORRECTLY RELIED ON THE COURT ALLOWING HIM ACCESS TO THE REPORT FROM CHILDREN'S SERVICES AND THE TRANSCRIPT OF THE GRAND JURY SO THAT HE COULD USE THE INFORMATION TO IMPEACH THE ALLEGED VICTIM'S TESTIMONY.
In his first assignment of error, appellant contends that he received ineffective assistance of counsel at trial. The test an appellate court must apply when reviewing an ineffective assistance of counsel claim is: (1) whether counsel's performance fell below an objective standard of reasonable professional competence, and (2) if so, whether there is a reasonable probability that counsel's unprofessional errors affected the outcome of the proceedings. Strickland v. Washington (1984), 466 U.S. 668, 690-91, 104 S.Ct. 2052, 2066; State v. Bradley (1989), 42 Ohio St.3d 136, syllabus. Appellant sets forth two alleged errors by defense counsel under his first assignment of error which we will now individually address.
Appellant first argues that defense counsel's performance was defective because he failed to present testimony from an expert witness at trial. The decision whether or not to call an expert witness is solely a matter of trial strategy. State v. Coleman (1989), 45 Ohio St.3d 298, 307-08. A decision by defense counsel not to call an expert witness generally will not sustain an ineffective assistance of counsel claim. State v. Nicholas (1993), 66 Ohio St.3d 431, 436; State v. Thompson (1987), 33 Ohio St.3d 1,10-11.
Appellant insists that defense counsel should have presented expert testimony "regarding the criteria to be applied to evaluate the genuineness" of Angela G.'s testimony. However, it is wellsettled law within the state of Ohio that an expert witness in a child sexual abuse case may not offer an opinion as to the veracity or credibility of the child-victim's testimony. State v. Boston (1989), 46 Ohio St.3d 108, 128-29; State v. Vaughn (1995), 106 Ohio App.3d 775, 784. Defense counsel was consequently under no duty to present expert testimony concerning the veracity of Angela G.'s allegations of sexual abuse since any such testimony would have been inadmissible.
Appellant also argues that defense counsel's performance was deficient because counsel failed to call additional "family members and friends" to testify concerning the "family relationship" at the time the offenses occurred. "Decisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics." State v. Coulter (1992),75 Ohio App.3d 219, 230; State v. Hunt (1984), 20 Ohio App.3d 310,312. A failure by defense counsel to call a witness at trial does not constitute ineffective assistance of counsel absent a showing of specific prejudice. State v. Williams (1991), 74 Ohio App.3d 686,695; State v. Reese (1982), 8 Ohio App.3d 202, 203.
Appellant has not demonstrated to the satisfaction of this court that any additional testimony from friends or family members concerning his "family relationship" would have contributed to his defense in this case. Defense counsel's decision not to subpoena friends of appellant or other family members to testify at trial must therefore be considered a matter of sound trial strategy. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that defense counsel failed to effectively cross-examine Tammy Armstrong, a Clermont County Children Services ("CCCS") caseworker who interviewed Angela G. after the rapes in this case were reported to authorities. An appellate court reviewing an ineffective assistance of counsel claim must not scrutinize trial counsel's strategic decision to engage in a particular line of questioning on cross-examination. State v. Smallwood (Oct. 14, 1996), Butler App. No. CA95-12-209, unreported; State v. Davis (Dec. 4, 1995), Butler App. No. CA94-12-214, unreported. Such decisions are presumed to be the product of a sound trial strategy. See State v. Clayton (1980), 62 Ohio St.2d 45, 48-49.
The record indicates that defense counsel aggressively cross-examined Armstrong at trial. Counsel elicited testimony from Armstrong on cross-examination which exposed some discrepancies between Angela G.'s testimony at trial and the account of the rapes Angela G. initially reported to Armstrong. For example, Armstrong testified on cross-examination that Angela G. reported to her that both rapes occurred on a couch. This testimony directly contradicted Angela G.'s testimony at trial that both rapes occurred on a recliner. Defense counsel's cross-examination of Armstrong certainly cannot be said to have fallen below an objective standard of reasonable professional competence under these circumstances. Appellant's second assignment of error is overruled.
In his third assignment of error, appellant contends that defense counsel's performance was deficient because he unsuccessfully attempted to obtain a transcript of the grand jury proceedings and certain CCCS records for purposes of cross-examination. We disagree. Our review of the record and the applicable law in this case indicates that neither the grand jury transcript nor the CCCS records sought by defense counsel were discoverable. See State v. Greer (1981), 66 Ohio St.2d 139,143-51; State v. Hart (1988) 57 Ohio App.3d 4, 5-6. However, it does not follow that defense counsel's representation of appellant was constitutionally defective. The mere fact that counsel chooses to embark upon a "fishing expedition" in a futile attempt to obtain information which is not discoverable does not rise to the level of ineffective assistance of counsel since the defendant is not prejudiced by the denial of a request for information to which he is not entitled. See State v. Morgan (Sept. 13, 1996), Montgomery App. No. 15351, unreported. Therefore, we find that defense counsel did not violate any essential duty by attempting to obtain the grand jury transcript and CCCS records for purposes of cross-examination in this case. Appellant's third assignment of error is overruled and the judgment of the trial court is hereby affirmed.
KOEHLER and WALSH, JJ., concur.
[1] The indictment also charged appellant with one count of gross sexual imposition in violation of R.C. 2907.05(A)(5) which was subsequently nolled by the state prior to trial.