[Cite as *State v. McCallister*, 2013-Ohio-5559.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No.     26722 |
|---|---|---|
|      Appellee | | |
|      v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICHARD C. MCCALLISTER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
|      Appellant | | CASE No.     CR 07 05 1512 |

DECISION AND JOURNAL ENTRY

Dated: December 18, 2013

BELFANCE, Presiding Judge.

{¶1}   Richard McCallister appeals from the denial of his post-sentence motion to withdraw his plea.  For reasons set forth below, we affirm.

I.

{¶2}   Mr. McCallister was indicted on May 24, 2007, for murder, kidnapping, tampering with evidence and two counts of aggravated murder.  A supplemental indictment charged Mr. McCallister with having a weapon while under disability. On October 10, 2007, as part of a negotiated plea, Mr. McCallister pleaded guilty to involuntary manslaughter, an underlying firearm specification, and kidnapping.  The trial court sentenced him to 16 years in prison.

{¶3}   On October 16, 2012, Mr. McCallister filed a motion for leave to withdraw his guilty plea and for sentencing.  He argued that the trial court had failed to inform him during his plea colloquy that he would be subject to a mandatory five-year term of post-release control.

The trial court denied his motion, and Mr. McCallister has appealed, pro se, raising a single assignment of error for our review.

## II.

### ASSIGNMENT OF ERROR

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION (THEREBY VIOLATING PROCEDURAL DUE PROCESS), U.S.C.A. CONST. AMEND. 14, WHEN IT DENIED 'WITHOUT HEARING' DEFENDANT'S PROPERLY PLED AND SUBSTANTIVELY SUPPORTED MOTION FOR: 'SENTENCING,' STATE V. JORDAN, 104 OHIO ST.[3D]21; AND, 'LEAVE TO WITHDRAW PLEA,' STATE V. BOSWELL, 121 OHIO ST.[3D] 575; CRIM.[R.] 11(C)(2)(A); AND O.R.C. [] 2929.19(B)(3)(E). SEE ALSO: STATE V. BILLITER, 2012[-]OHIO[-]5144 (OHIO), 2012 OHIO LEXIS 2725; STATE V. HOLCOMB, 2009[-]OHIO[-]3186 (9TH DIST.); AND, STATE V. TOKAR, 2009 WL 264870 (OHIO APP. 8 DIST.), 2009[-]OHIO[-]4369, AT FN2[.] SEE ALSO: STATE V. OLAH, 2009[-]OHIO[-]3651 (9TH DIST.)[.]

**{¶4}** Mr. McCallister argues that the trial court erred in denying his motion for sentencing and to withdraw his guilty pleas. He argues that the trial court failed to properly impose post-release control in its sentencing entry and, therefore, his sentence is void and his motion to withdraw his plea must be construed as a presentence motion. He also argues that his plea must be vacated because the trial court failed to properly inform him about post-release control. We disagree.

**{¶5}** Mr. McCallister argues that his sentence was void because the trial court did not specify in its sentencing entry that his post-release control term was mandatory and because it did not state that each violation of his post-release control was punishable by a prison term of up to nine months. In Mr. McCallister's sentencing entry, the trial court stated that it had "advised [Mr. McCallister] that after serving his prison term, he will be placed on post release control for a period of five (5) years, and if he violates the terms of post release control, he may be imprisoned for an additional term in prison up to one half of the stated term of imprisonment."

Although the trial court did not say that the prison term was "mandatory," nothing in the sentencing entry indicates that the post-release control term would be discretionary. *See State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶ 68 ("Despite any differences between R.C. 2929.191 and our holdings in *Jordan*, *Hernandez*, and *Cruzado*, at their core, each fundamentally requires a court imposing mandatory postrelease control to include in the sentencing entry a statement that an offender convicted of a first- or second-degree felony offense *will* be subject to postrelease control after leaving prison.") (Emphasis sic.). Similarly, the language in the sentencing entry regarding a violation of post-release control tracks former R.C. 2929.19(B)(3)(c). While Mr. McCallister argues that the language in the sentencing entry failed to comply with former R.C. 2943.032(E), that statute applies only to plea colloquies, not sentencing which is governed by R.C. 2929.19. Accordingly, we conclude that the trial court did not improperly impose post-release control.

{¶6} With regard to Mr. McCallister's motion to withdraw his guilty pleas, Mr. McCallister makes similar arguments, asserting that the trial court failed to inform him that he faced mandatory post-release control and that he could be sentenced to prison for up to nine months per violation of post-release control. "The decision whether to allow a defendant to withdraw a guilty plea lies within the discretion of the trial court." *State v. Brown*, 9th Dist. Summit No. 24831, 2010-Ohio-2328, ¶ 8. Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." While "a presentence motion to withdraw a guilty plea should be freely and liberally granted, * * * a post-sentence motion should only be granted if the defendant has met his burden of establishing the existence of manifest injustice." *State v.*

*Anderson*, 9th Dist. Summit No. 24623, 2009-Ohio-5461, ¶ 12, citing *State v. Xie*, 62 Ohio St.3d 521, 527 (1992) and *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus.

{¶7} Although Mr. McCallister believes his motion to withdraw is a presentence motion, Mr. McCallister's argument is premised upon his sentence being void due to the improper imposition of post-release control. However, as discussed above, the trial court did properly impose post-release control and, even if the post-release control portion had been void, only that portion of the sentence would have been void. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 26. Accordingly, Mr. McCallister's motion is a postsentence motion, and he must demonstrate a manifest injustice to be entitled to withdraw his plea. *See* Crim.R. 32.1; *Brown* at ¶ 9 ("In a post-sentence motion, the burden of establishing the existence of a manifest injustice is upon the individual seeking to withdraw the plea.") (Internal quotations and citations omitted.). "Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases." (Internal quotations and citations omitted.) *Brown* at ¶ 9.

{¶8} Mr. McCallister suggests that his plea is invalid due to the trial court's erroneous imposition of post-release control during the plea stage of the proceedings. It is true that a complete failure to advise an offender about post-release control renders the plea invalid. *See, e.g., State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, paragraph two of the syllabus; ¶ 26. However, this is not a situation where the trial court completely failed to advise Mr. McCallister about post-release control and Mr. McCallister's reliance upon such precedent is misplaced. Mr. McCallister argues that his plea must be vacated because the trial court did not tell him that the five-year post-release control term was "mandatory" or comply with former R.C. 2943.032(E) by telling him that each violation of post-release control was punishable by up to nine months additional prison time. However, the trial court told Mr. McCallister during the plea colloquy,

"[I]f you're sentenced to prison—and you will be sentenced to prison in this case—* * * when you finish your time in prison, [] you will be placed on five years of what's called Post-Release Control[.]" Given that the trial court told Mr. McCallister that he would be subject to post-release control, giving no indication that it would be a discretionary term, Mr. McCallister's "mandatory" argument is without merit. *Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, at ¶ 68. *See also State ex rel. Bott Law Group, L.L.C. v. Ohio Dept. of Natural Resources*, 10th Dist. Franklin No. 12AP-448, 2013-Ohio-5219, ¶ 38 (noting that "shall" and "will" imply that a duty is mandatory).

{¶9} With regard to Mr. McCallister's argument that the trial court failed to comply with former R.C. 2943.032(E), we note that the trial told him during the plea colloquy, "[I]f you violate the rules of Post-Release Control, you can get additional time in prison, up to half of whatever you're sentenced to prison for, so in this case your plea negotiation deal is for a total of 16 years. If you violate the terms of Post-Release Control, you could get up to half of that additional time imposed." This did not comply with former R.C. 2943.032(E), which provided that

> [p]rior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony and if the court imposes a prison term upon the defendant for the felony * * * [i]f the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term of up to nine months.

Clearly, former R.C. 2943.032(E) required the trial court to inform Mr. McCallister that the parole board could impose additional prison terms of up to nine months for each violation, and the trial court did not do so. However, the trial court actually overstated the potential additional prison term faced by Mr. McCallister. "'[W]here the trial court erroneously overstates the length

of additional prison time that can be imposed for a violation of post-release-control conditions, the defendant is not prejudiced.'" *State v. Jones*, 2d Dist. Montgomery No. 24772, 2013-Ohio-119, ¶ 10, quoting *State v. Gulley*, 1st Dist. Hamilton No. C-040675, 2005-Ohio-4592, ¶ 22. *See also State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 32 (In cases where a trial court partially complies with Crim.R. 11 in informing a defendant about a nonconstitutional right, "[t]he test for prejudice is whether the plea would have otherwise been made.") (Internal quotations and citation omitted.).

**{¶10}** Mr. McCallister has not argued that he would not have entered his plea if he had known that he was only subject to nine months for each violation rather than half of his stated prison term. *Clark* at ¶ 32. Furthermore, Mr. McCallister has not made any attempt to explain why he waited more than five years to attempt to withdraw his plea. *See Smith*, 49 Ohio St.2d at paragraph three of the syllabus ("An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."). Thus, Mr. McCallister has not established that this is the extraordinary case in which a manifest injustice occurred entitling him to withdraw his guilty plea. *Brown*, 2010-Ohio-2328, at ¶ 9; Crim.R. 32.1. Accordingly, we conclude that the trial court did not abuse its discretion in denying Mr. McCallister's motion to withdraw his guilty plea.

**{¶11}** Mr. McCallister's assignment of error is overruled.

III.

**{¶12}** In light of the foregoing, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

RICHARD C. MCCALLISTER, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.