[Cite as *State v. Aguilar*, 2015-Ohio-5174.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    15AP0018 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MELVIN AGUILAR | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No.    10-CR-0264 |

DECISION AND JOURNAL ENTRY

Dated: December 14, 2015

HENSAL, Presiding Judge.

{¶1}   Melvin Aguilar appeals a judgment of the Wayne County Court of Common Pleas that resentenced him for felonious assault.  He also appeals the denial of his motion to withdraw his plea.  For the following reasons, this Court affirms.

I.

{¶2}   In 2010, Mr. Aguilar pleaded guilty to one charge of felonious assault with an accompanying firearm specification for which the trial court sentenced him to eight years of imprisonment.  This Court upheld his conviction and sentence on appeal.  *State v. Aguilar*, 9th Dist. Wayne No. 10CA0051, 2011-Ohio-6008.  In 2013, Mr. Aguilar moved to withdraw his plea, which the trial court denied.  In 2014, he filed a motion for sentencing, arguing that the court failed to properly impose post-release control.  Upon review of the motion, the trial court scheduled a resentencing hearing.  Shortly before the hearing, Mr. Aguilar again moved to withdraw his plea.  The trial court denied his motion and resentenced him to eight years.  Mr.

Aguilar has appealed the court's decisions, assigning two errors, which we have reordered for ease of consideration.

## II.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA.

{¶3} Mr. Aguilar argues that the trial court erred when it denied his motion to withdraw his plea. Criminal Rule 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court * * *." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. "At the same time, the extent of the trial court's exercise of discretion * * * is determined by the particular provisions that govern the motion under which the defendant is proceeding * * *." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 33. "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). A defendant who moves to withdraw his plea after the imposition of sentence, on the other hand, "has the burden of establishing the existence of manifest injustice." *Smith* at paragraph one of the syllabus.

{¶4} Mr. Aguilar argues that the trial court incorrectly treated his motion to withdraw as a post-sentence motion. He notes that, at the time he filed his motion, the court had ordered him to be brought back to court for re-sentencing. He also argues that the court should have held a hearing to determine whether he had a legitimate basis for withdrawing his plea before deciding his motion.

{¶5} The trial court scheduled a resentencing hearing because it had not correctly imposed post-release control at the original sentencing hearing. This Court has explained that, even if the part of a sentence that imposes post-release control is void, a motion to withdraw plea filed after sentencing must be treated as a post-sentence motion. *State v. McCallister*, 9th Dist. Summit No. 26722, 2013-Ohio-5559, ¶ 7. Accordingly, the trial court correctly determined that Mr. Aguilar's motion to withdraw was a post-sentence motion.

{¶6} The doctrine of res judicata "bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. It extends to arguments "made in support of a motion to withdraw a plea under Crim.R. 32.1." *State v. Sebestyen*, 9th Dist. Medina No. 12CA0055-M, 2013-Ohio-2606, ¶ 9, quoting *State v. Molnar*, 9th Dist. Summit No. 25267, 2011-Ohio-3799, ¶ 9. A defendant, therefore, may not raise issues in a successive motion to withdraw a guilty plea that were raised or could have been raised in his initial motion. *State v. Kimbro*, 9th Dist. Lorain No. 13CA010506, 2014-Ohio-4869, ¶ 7.

{¶7} In 2013, Mr. Aguilar filed a post-sentence motion to withdraw his plea, which the trial court denied. He did not appeal its decision. Mr. Aguilar has not identified any basis for withdrawing his plea that he could not have raised at the time of his original motion. We, therefore, conclude that his arguments are barred by res judicata. We also conclude that the court did not err when it denied his motion without holding a hearing on it. *State v. Greene*, 9th Dist. Summit No. 25773, 2012-Ohio-791, ¶ 6. Mr. Aguilar's second assignment of error is overruled.

ASSIGNMENT OF ERROR I

THE TRIAL COURT FAILED TO PROPERLY ADVISE THE APPELLANT
OF POST-RELEASE CONTROL.

{¶8}   Mr. Aguilar argues that the trial court improperly used a nunc pro tunc entry to add to his sentence that, if he violates post-release control, he can be subject to a new prison term of up to nine months.  The record, however, does not support his argument.  Following the resentencing hearing, the trial court issued a sentencing entry on March 31, 2015.  The entry contained language informing Mr. Aguilar that, if he violates post-release control, he can be returned to prison for period up to nine months at one time.  On April 14, 2015, the court issued a nunc pro tunc sentencing entry, which only corrected the amount of his jail time credit.  The nunc pro tunc entry did not change any language regarding post-release control.

{¶9}   Mr. Aguilar also repeats his argument that the trial court applied the wrong standard of review when it considered his motion to withdraw his plea.  As explained earlier, because the resentencing hearing only addressed post-release control, Mr. Aguilar's motion to withdraw his plea was a post-sentence motion.  *McCallister*, 2013-Ohio-5559 at ¶ 7.

{¶10}  Mr. Aguilar also argues that the post-release control defect made his entire sentence void.  The Ohio Supreme Court, however, has "rejected an argument that an entire sentence is void because of an error in imposing postrelease control, holding that only the offending portion of the sentence is subject to review."  *State ex rel. Gregley v. Friedman*, __ Ohio St.3d __, 2014-Ohio-4796, ¶ 13, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 38-39.

{¶11}  Mr. Aguilar also argues that, because of the post-release control error, the trial court's original sentencing entry was insufficient under Criminal Rule 32(C).  We note that Mr. Aguilar did not make this argument in the trial court and that he could have raised it on direct appeal. Furthermore, "the technical failure to comply with Crim.R. 32(C) * * * is not a violation of a *statutorily* mandated term, so it does not render the judgment a nullity."  (Emphasis sic.)

*State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, ¶ 19. Accordingly, even if the original sentencing entry did not comply with Rule 32(C), it would not mean that Mr. Aguilar's motion to withdraw plea was a pre-sentence motion. Mr. Aguilar's first assignment of error is overruled.

III.

**{¶12}** Mr. Aguilar's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

OSCAR E. RODRIGUEZ, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.