[Cite as *State v. Wolf*, 2018-Ohio-1331.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | : | **CASE NOS. 2017-L-095** |
| - vs - | : | **2017-L-096** |
| DAVID A. WOLF, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas, Case Nos. 90 CR 000504 and 90 CR 000475.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*David A. Wolf*, pro se, PID# A234-276, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, OH 44044 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, David A. Wolf, appeals the denial of various motions in the Lake County Court of Common Pleas. The issues before this court are whether sentencing entries must address counts which have been dismissed or of which a defendant has been acquitted to constitute final orders; whether a defendant serving consecutive life sentences for Rape of a minor is subject to a rule limiting minimum aggregate prison terms to fifteen years; whether a defendant is entitled to a sexual

offender classification hearing prior to his parole eligibility; and whether judicial bias has been demonstrated where the court denies motions which are wholly meritless. For the following reasons, we affirm the decisions of the court below.

{¶2} In Lake County Court of Common Pleas Case No. 90 CR 000504, Wolf was found guilty of eight counts of Rape and one count of Child Endangering. He was sentenced to serve a term of incarceration of life for each count of Rape and six months for Child Endangering. Six of the life sentences were to run consecutive to each other and concurrent with the remaining sentences.

{¶3} In Lake County Court of Common Pleas Case No. 90 CR 000475, Wolf was found guilty of Murder and Abuse of a Corpse. He was sentenced to serve an indefinite term of incarceration of fifteen years to life for Murder and an indefinite term of three to five years for Abuse of a Corpse. The court ordered these sentences to be served consecutive to each other and consecutive to the sentences for Rape in Case No. 90 CR 000504.

{¶4} On June 5, 2017, Wolf filed the following motions: Motion to Correct Record (Case Nos. 90 CR 000475 and 90 CR 000504); Motion for the Appointment of Counsel (Case Nos. 90 CR 000475 and 90 CR 000504); Motion for Declaratory Judgment (Case Nos. 90 CR 000475 and 90 CR 000504); Motion for Final Ruling on State's Motion of Intent to Label the Defendant as a Sexual Predator (Case No. 90 CR 000504); and Motion for Final and Appealable Order (Case No. 90 CR 000504).

{¶5} On June 30, 2017, the State filed Responses to Wolf's Motions.

{¶6} On July 12, 2017, the trial court denied Wolf's Motions.

{¶7}   On August 7, 2017, Wolf filed Notices of Appeal.[1]  On appeal, Wolf raises the following assignments of error:

{¶8}   "[1.] The trial court failed to issue final and appealable orders when it neglected to include all counts of the indictment in its sentencing journal entrys [sic]."

{¶9}   "[2.] The trial court committed reversible error when it failed to grant the appellant[']s motion for declaratory judgment."

{¶10}   "[3.] The trial court erred by not resolving the issue of labeling the appellant as a sexual offender under Ohio's version of Megan's Law."

{¶11}   "[4.] The trial court displayed bias and prejudice towards the appellant by rejecting his motions without holding a hearing and without reading any trial transcripts and without assigning counsel."

{¶12}   In his first assignment of error, Wolf raises various arguments which he believes require the remand of "these matters to the Lake County Court of Common Pleas for an evidentiary hearing, if not new trials given the lack of a legal and/or constitutional verdict being shown in the trial court[']s official records."  Appellant's brief at 13.

{¶13}   In Case No. 90 CR 000475, Wolf claims there was no final order because the trial court failed to address the Aggravated Murder count of the Indictment in its sentencing entry and never transcribed the Reading of the Verdicts in Open Court or the Polling of the Jury, so there is no transcript for those critical stages of the proceedings.

{¶14}   In Case No. 90 CR 000504, Wolf claims there was no final order because the trial court failed to address the third count of Rape in the Indictment in its sentencing

---

1.  On August 30, 2017, this court sua sponte consolidated 11th Dist. Lake No. 2017-L-095 and 11th Dist. Lake No. 2017-L-096 for all purposes.

entry and never transcribed the Reading of the Verdicts in Open Court or the Polling of the Jury, so there is no transcript for those critical stages of the proceedings.

{¶15} Wolf cites to the Ohio Supreme Court for the following proposition: "a judgment of conviction complies with Crim.R. 32(C) [describing the requirements for a judgment of conviction] when it sets forth four essential elements * * * (1) the fact of conviction, (2) the sentence, (3) the signature of the judge, and (4) entry on the journal by the clerk of courts." *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 22.

{¶16} We agree with the trial court that these issues are barred by the doctrine of res judicata. Regardless of whether the sentencing entries constituted final orders per Criminal Rule 32(C) (and they did), Wolf filed direct appeals from both convictions. *See State v. Wolf*, 11th Dist. Lake No. 93-L-151, 1994 WL 738805 (Dec. 30, 1994) (Case No. 90 CR 000504), and *State v. Wolf*, 11th Dist. Lake No. 94-L-047, 1997 WL 374307 (Jan. 31, 1997) (Case No. 90 CR 000475). Having taken direct appeals, Wolf cannot now claim that the judgments were not appealable. *See State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶ 19 ("the technical failure to comply with Crim.R. 32(C) * * * is not a violation of a *statutorily* mandated term, so it does not render the judgment a nullity); *State v. Triplett*, 6th Dist. Lucas No. L-10-1158, 2011-Ohio-1713, ¶ 21 (appellant's efforts "to re-appeal the merits of his conviction" by appealing the "judgment correcting his noncompliant *Baker*/Crim.R. 32(C) sentencing entry * * * are barred by the law of the case doctrine and res judicata"); *State v. Aguilar*, 9th Dist. Wayne No. 15AP0018, 2015-Ohio-5174, ¶ 11 ("even if the original sentencing

4

entry did not comply with Rule 32(C), it would not mean that Mr. Aguilar's motion to withdraw plea was a pre-sentence motion").

{¶17} Furthermore, the underlying sentencing entries did comply with Criminal Rule 32(C). In Case No. 90 CR 000475, the jury returned a verdict of "not guilty" to the charge of Aggravated Murder as noted in the court's February 15, 1994 Journal Entry. In Case No. 90 CR 000504, the State dismissed one of the Rape counts in the Indictment as noted in the court's August 24, 1993 Journal Entry.[2] A sentencing entry need not identify charges for which a defendant was not convicted and Wolf cites no authority to support his argument regarding a transcript of the reading of the verdicts and the polling of the jury (arguments which could have been raised in the direct appeals as noted by the lower court).

{¶18} The first assignment of error is without merit.

{¶19} In the second assignment of error, Wolf asserts that he was entitled, by virtue of his Civil Rule 57 (declaratory judgments) motion, to a declaration that he was subject to a minimum aggregate prison term of fifteen years as provided by former R.C. 2929.41(E)(2) ("consecutive terms of imprisonment imposed shall not exceed * * * [a]n aggregate minimum term of fifteen years * * * when the consecutive terms imposed are for felonies other than aggravated murder or murder").

{¶20} The trial court properly denied Wolf's motion on various grounds: a declaratory judgment action cannot be used as a substitute for an appeal or as a collateral attack on a conviction; the Civil Rule 57 motion should have been filed as a motion for postconviction relief; construed as a motion for postconviction relief the

---

2. The August 24, 1993 Entry identified this count as Count Two of the Indictment, although the August 30, 1994 sentencing Entry proceeded as if Count Three had been dismissed. The substitution of Count Three for Count Two has no material import.

5

motion is untimely; and the argument is barred by res judicata (Wolf raised the same argument regarding former R.C. 2929.41(E)(2) in an April 9, 2007 motion filed under both case numbers).

**{¶21}** We would further note that other appellate districts have rejected the merits of Wolf's argument. *State v. Gregory*, 8 Ohio App.3d 184, 186, 456 N.E.2d 839 (1st Dist.1982) ("logic says that if a man must serve a full life term for a single forcible rape of a child, then the legislature could not have meant that when he commits two such rapes, he is entitled to a fifteen-year minimum term"); *McCleskey v. Adult Parole Auth.*, 2d Dist. Montgomery No. 19037, 2002-Ohio-2699, ¶ 9-10 (cases cited).

**{¶22}** The second assignment of error is without merit.

**{¶23}** In his third assignment of error, Wolf argues that he is entitled to final resolution of his sexual offender status under Megan's Law.

**{¶24}** The trial court denied Wolf's motion for a final ruling on the issue, finding that "a sexual offender hearing will be set when Wolf is scheduled to be paroled from prison." The court noted that Wolf was currently age 60 and that his first parole board hearing is scheduled for August 2063.

**{¶25}** We find no reversible error in the trial court's decision to defer determination of Wolf's sexual offender status. *State v. Sturgill*, 4th Dist. Athens No. 16CA21, 2017-Ohio-2736, ¶ 25 (finding no jurisdictional impediment to an offender's sexual offender classification under Megan's Law at the time of and subsequent to the offender's release from prison) (cases cited).

**{¶26}** The third assignment of error is without merit.

6

{¶27} In his fourth and final assignment of error, Wolf advises this court that it "must now reverse all of Judge Collins['] rulings and/or decisions made on July 11, 2017 based upon the obvious errors of law found in them and based upon the personal bias and/or prejudice Judge Collins has repeatedly displayed against the Appellant over the years in these matters." Appellant's brief at 27. Wolf's claims of bias are based on the trial judge's alleged refusal to "address" the "Fraud committed upon the Court by Officers of the Court," specifically the "illegal" appointment of Attorney John Hawkins to prosecute Appeal No. 94-L-047 when Hawkins was allegedly serving as a prosecutor for the City of Painesville.[3] *See* R.C. 120.39(A) ("counsel appointed by the court * * * shall not be a partner or employee of any prosecuting attorney"). Wolf also complains of the trial judge's refusal to order the preparation of new transcripts as the originals were destroyed in 2003 pursuant to Superintendence Rule 26(F) ("[a]t the conclusion of litigation, including times for direct appeal, a court or custodian of exhibits, depositions, or transcripts may destroy exhibits, depositions, and transcripts") and to appoint counsel to address the final order, sexual offender status, and minimum aggregate prison term issues (which issues, as discussed above, lack merit).

{¶28} Wolf's proffered arguments under this assignment of error fail to demonstrate obvious error or judicial bias. Until a defendant has demonstrated that there is "arguable merit" to a postconviction proceedings and "substantive grounds for relief," he is entitled to neither the appointment of counsel nor a hearing. R.C. 120.16(D) and R.C. 2953.21(D) respectively; *see generally State v. Crowder*, 60 Ohio St.3d 151, 573 N.E.2d 652 (1991).

---

3. This court appointed Attorney Hawkins to represent Wolf on May 2, 1994. On December 15, 1994, over six months prior to the filing of the appellant's brief in Appeal No. 94-L-047, Hawkins filed a notice of withdrawal as counsel and motioned for the appointment of new counsel.

{¶29} The fourth assignment of error is without merit.

{¶30} For the foregoing reasons, the denial of Wolf's motions by the Lake County Court of Common Pleas is affirmed. Costs to be taxed against the appellant.


THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.