[Cite as *Chojnacki v. Mohr*, 2019-Ohio-4622.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STEVEN CHOJNACKI

    Appellant

    v.

GARY MOHR, et al.

    Appellees

C.A. No.     18CA011443

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     15CV186043

DECISION AND JOURNAL ENTRY

Dated: November 12, 2019

CALLAHAN, Judge.

{¶1} Appellant, Steven Chojnacki, appeals the judgment of the Lorain County Court of Common Pleas that granted summary judgment in his declaratory judgment action. This Court affirms.

I.

{¶2} In 1994, a jury found Mr. Chojnacki guilty of seven counts of rape. On count one, which involved the forcible rape of a victim under thirteen years of age, Mr. Chojnacki was sentenced to life imprisonment. For counts two through seven, Mr. Chojnacki was sentenced to indefinite prison terms of ten to twenty-five years. The sentencing court ordered each of the prison sentences to be served consecutively to the others.

{¶3} On February 25, 2014, Mr. Chojnacki appeared before the Ohio Parole Board for his first parole hearing. The Parole Board denied parole, noting substantial reasons to believe Mr. Chojnacki would commit further crimes or fail to comply with the conditions of parole and

substantial reasons to believe that his release would create an undue risk to public safety, not further the interests of justice, or be inconsistent with society's welfare and security. Specifically, the Parole Board reasoned:

> Offender Chojnacki has served over 20 years on his current sentence for sexually abusing [three minors]. He has not engaged in any risk relevant programing, however has had good conduct for many years of his incarceration. He share[d] no remorse or insight into his actions and how this impacted * * * [the] victims. The Board by way of majority vote has determined that release at this time would not further the interest of justice and place the safety and security of society in jeopardy.

The Parole Board scheduled Mr. Chojnacki's next appearance for February 1, 2024.

{¶4} Mr. Chojnacki requested reconsideration of the Parole Board's decision, arguing, in part, that the Parole Board relied on a miscalculation of his minimum aggregate sentence. Mr. Chojnacki maintained that while the Parole Board appeared to believe that his hearing occurred five years before completion of his minimum aggregate sentence, it actually occurred five years after he was first eligible for parole. The Parole Board denied the request for reconsideration.

{¶5} Mr. Chojnacki filed a complaint for declaratory judgment in the Lorain County Court of Common Pleas against the Ohio Department of Rehabilitation and Correction and several individual defendants (collectively, "ODRC"). In his complaint, he requested a declaration that his aggregate indefinite prison term was fifteen years to life and, consequently, a declaration that he was first eligible for parole in 2003. He also requested a declaration that he was entitled to a rehearing before the Parole Board based on this alleged miscalculation and a declaration that the relevant sections of the Ohio Revised Code required the Parole Board to calculate parole eligibility consistent with his interpretation of the statutes in every instance. The parties filed cross-motions for summary judgment on the legal issue presented by Mr.

Chojnacki's complaint: whether a life sentence for rape is subject to aggregation with terms of imprisonment to apply the aggregate minimum sentence cap under former R.C. 2929.41(E).

{¶6} The trial court granted ODRC's motion for summary judgment and denied Mr. Chojnacki's motion on the merits, but dismissed the complaint for failure to present a justiciable issue instead of explicitly articulating its rulings on Mr. Chojnacki's requests for declarations. Mr. Chojnacki appealed, and this Court reversed the trial court's decision. *Chojnacki v. Mohr*, 9th Dist. Lorain No. 16CA011021, 2018-Ohio-1167. This Court concluded that the trial court "abused its discretion in concluding that this case did not present a justiciable controversy" because it "presented a live controversy as the parties sharply disputed when Chojnacki was first eligible for parole and whether Chojnacki was entitled to a second parole hearing in the immediate future." *Id*. at ¶ 16. Accordingly, this Court remanded the case to the trial court to explicitly address the declarations requested by Mr. Chojnacki's complaint. *Id*. at ¶ 16-17.[1]

{¶7} Upon remand, the trial court declared that Mr. Chojnacki's life sentence was not subject to aggregation under former R.C. 2929.41(E) and, consequently, that former R.C. 2967.25 required him to serve ten full years of incarceration on the life sentence consecutive to a fifteen-year capped sentence on his indefinite prison terms before being considered for parole. The trial court concluded that ODRC properly calculated Mr. Chojnacki's parole eligibility, that there was no resulting error in his parole decision, that his next parole hearing should be as ordered by the Parole Board, and that no change in ODRC's method of computing parole eligibility was warranted. Mr. Chojnacki filed this appeal.

---

[1] ODRC suggests that there may be concerns regarding justiciability of Mr. Chojnacki's claims. This Court's decision in *Chojnacki I*, however, is the law of the case on that issue. *See Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984) ("[T]he decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.").

II.

## ASSIGNMENT OF ERROR

THE DECLARATORY JUDGMENT ENTERED BY THE TRIAL COURT IS CONTRARY TO LAW.

{¶8} Mr. Chojnacki's assignment of error argues that the trial court erred by granting summary judgment to ODRC and concluding that his life sentence for rape was not subject to aggregation under former R.C. 2929.41(E). This Court does not agree.

{¶9} This Court's review in this case is de novo. *See Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 1 (concluding that an appellate court should review a trial court's determination of the legal issues in a declaratory judgment de novo); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996) (noting that appellate courts review summary judgment decisions de novo). Under Civ.R. 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10. The material facts at issue in this case are undisputed, so our review of the trial court's decision relates solely to legal issues.

{¶10} Mr. Chojnacki was convicted of crimes committed between 1990 and 1992, prior to the enactment of comprehensive sentencing reform contained in Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136 ("S.B. 2"). *See generally State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, ¶ 14. Accordingly, amendments set forth in S.B. 2 and thereafter do not apply to this case, and this Court must interpret the versions of the statutes in effect at the time of his offense.

{¶11} Former R.C. 2967.13(A) provided that "[a] prisoner serving a sentence of imprisonment for a felony for which an indefinite term of imprisonment is imposed becomes

eligible for parole at the expiration of his minimum term[.]" When a prisoner was sentenced to multiple, consecutive indefinite prison terms, the prisoner became eligible for parole "upon the expiration of the aggregate of the minimum terms of his several sentences[.]" R.C. 2967.25. Under former R.C. 2929.41(E)(2), however, aggregate minimum terms for consecutive sentences imposed for felonies other than aggravated murder or murder were generally capped at fifteen years. Applying this framework to the six consecutive indefinite prison terms to which Mr. Chojnacki was sentenced, the capped aggregate minimum prison term for purposes of his parole eligibility on those offenses was fifteen years: Under former R.C. 2967.25, he became eligible for parole upon the expiration of the aggregate of his minimum terms, which is ten years for each of six indefinite consecutive terms, for a total of sixty years. This aggregate minimum term was capped by former R.C. 2929.41(E)(2) at fifteen years.

{¶12} Mr. Chojnacki's remaining prison sentence is treated differently, however, because it is not a sentence to an indefinite term of imprisonment, but to life imprisonment. Under former R.C. 2967.13(F), a prisoner serving a sentence of life imprisonment for rape "[became] eligible for parole after serving a term of ten full years' imprisonment." Several other districts have concluded that former R.C. 2929.41(E), however, does not apply to cap an aggregate life sentence imposed for rape. *See McMeans v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 98AP-42, 1998 WL 767493, *3 (Oct. 27, 1998). *See also State v. Wolf*, 11th Dist. Lake Nos. 2017-L-095, 2017-L-096, 2018-Ohio-1331, ¶ 21; *State v. Warren*, 168 Ohio App.3d 288, 2006-Ohio-4104, ¶ 30 (8th Dist.); *Schrock v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 05AP-82, 2005-Ohio-3938, ¶ 10; *McCleskey v. Adult Parole Auth.*, 2d Dist. Montgomery No. 19037, 2002 WL 1121337, *3 (May 31, 2002); *State v. Gregory*, 8 Ohio App.3d 184, 186 (1st Dist.1982). This Court agrees with that conclusion. Consequently, the "ten full years'

imprisonment" that Mr. Chojnacki was required to serve before parole eligibility on his life sentence was not subject to aggregation and capping with his indefinite prison terms on his other rape convictions.

{¶13} Mr. Chojnacki was required to serve "ten full years' imprisonment" of his life sentence plus the aggregated fifteen-year capped minimum prison term for his other offenses—a total of twenty-five years—before he was first eligible for parole. The trial court did not err by reaching this conclusion and, therefore, granting summary judgment to ODRC and denying Mr. Chojnacki the relief he requested in his complaint for declaratory judgment.

{¶14} Mr. Chojnacki's assignment of error is overruled.

III.

{¶15} Mr. Chojnacki's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                               _____

                                               LYNNE S. CALLAHAN
                                               FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

BARRY W. WILFORD, Attorney at Law, for Appellant.

DAVID YOST, Attorney General, and THOMAS E. MADDEN, Assistant Attorney General, for Appellee.